FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 26 2019

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHANA HAYES, Individually and on
Behalf of Others Similarly Situated                            PLAINTIFF

vs.                          No. 4:19-cv-_845-JM_

USABLE CORPORATION                                            DEFENDANT

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Shana Hayes, individually and on behalf of all

others similarly situated, by and through her attorneys April Rhéaume and Josh

Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective

Action against Defendant USAble Corporation ("Defendant"), she does hereby

state and allege as follows:

This case assigned to District Judge _Moody_
and to Magistrate Judge _Harris_

### I.      INTRODUCTION

1.      Plaintiff, individually and on behalf of all others similarly situated,

brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et*

*seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest and costs, including reasonable attorneys' fees

as a result of Defendant's failure to pay Plaintiff and all others similarly situated

overtime compensation for all hours that Plaintiff and all others similarly situated

worked in excess of forty (40) per workweek.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

5.     Defendant conducts business within the State of Arkansas, operating an office in Little Rock.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.     Plaintiff was employed by Defendant at its facility located in Little Rock. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8.     Plaintiff Shana Hayes is a resident and citizen of Faulkner County.

9.     At all times relevant to the allegations in this Complaint, Plaintiff was a salaried employee at Defendant's location in Little Rock.

10.     At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA.

11.     At all times material herein, Plaintiff and those similarly situated to Plaintiff who worked for Defendant within Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

12.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13.     Defendant is an insurance company registered to do business in the State of Arkansas.

14.     Defendant conducts business in Arkansas under the trade name Arkansas Blue Cross and Blue Shield.

15.     Defendant can be served through its registered agent CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

16.     Defendant has at all relevant times been engaged in interstate commerce as that term is defined under the FLSA.

17.     Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18.    Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19.    Defendants employed four or more individuals in each week in each of the three years preceding the filing of this Complaint.

## IV.    FACTUAL ALLEGATIONS

20.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.    Defendant owns and operates at least one office in Arkansas.

22.    Plaintiff was employed at Defendant's location in Little Rock from approximately April of 2017 until August of 2019.

### A.    Claims Specialist

23.    From around April of 2017 to July of 2018, Plaintiff was employed by Defendant as an hourly-paid Claims Specialist.

24.    As an hourly-paid Claims Specialist, Plaintiff received an annual bonus for hitting certain, predetermined metrics.

25.    Plaintiff regularly worked more than forty hours in a workweek.

26.    Upon information and belief, Defendant did not adjust Plaintiff's regular rate of pay to account for the bonus when calculating Plaintiff's overtime premium.

27.    Upon information and belief, all Claims Specialists are similarly situated and are eligible for nondiscretionary bonuses.

## B.   Primary Cary Analyst

28.   From around July of 2018 through August of 2019, Plaintiff was employed by Defendant as a salaried Primary Care Analyst of a Primary Care Team.

29.   Defendant's Primary Care Teams are responsible for assisting Patient Centered Medical Homes in reducing medical expenses. Plaintiff's duties as a Primary Care Analyst of Primary Care Team included drafting and responding to emails, gathering financial data from clinics, ensuring other team members received information, creating rosters, and assisting in recruiting clinics to the program.

30.   To perform these duties, Plaintiff was required to work an average number of hours each week that exceeded forty (40).

31.   As a Primary Care Analyst, Defendant classified Plaintiff as a salaried employee and paid her the same weekly salary regardless of the number of hours she worked; the salary was less than $100,000.00 per year.

32.   As a Primary Care Analyst, Plaintiff did not have the authority to discipline or fire other employees.

33.   Plaintiff's primary duty did not include the management of other employees.

34.   Plaintiff's primary duty did not include the exercise of independent judgment with respect to matters of significance.

35.   As a Primary Care Analyst, Plaintiff's primary duties were to gather information and disseminate to the appropriate parties on the Primary Care

Team. Plaintiff did not sell products to customers, nor exercise discretion on decisions regarding processes.

36.     Upon information and belief, all Primary Care Analysts have the same duties and responsibilities and are similarly situated.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

37.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

38.     At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

39.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiff proposes two Section 216 collectives composed of 1) hourly-paid Claims Specialists; and 2) salaried Primary Care Analysts.

### A.     Hourly-Paid Claims Specialists

41.     Plaintiff brings her FLSA claim on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

a.     Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) in a workweek;

b.     Liquidated damages; and

c.      Attorneys' fees and costs.

42.      In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file a written Consent to Join this lawsuit.

43.      The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44.      The members of the proposed FLSA collective of hourly-paid employees are similarly situated in that they share these traits:

a.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

b.      They were paid hourly rates;

c.      They worked at least some overtime;

d.      They recorded their time in the same manner; and

e.      They were subject to Defendant's common policy of failing to account for their bonuses when calculating their regular rate of pay.

45.      Plaintiff is unable to state the exact number of the potential members of the FLSA Collective of hourly-paid claims specialists but believes that the group exceeds 100 persons.

### B.      Salaried Primary Care Analysts

46.      Plaintiff also brings her FLSA claim on behalf of all of Defendant's Primary Care Analysts who were classified as exempt from the overtime requirements of the FLSA and paid a salary by Defendant at any time within the

applicable statute of limitations period, who are entitled to payment of the following types of damages:

a. A lawful overtime for all hours worked;

b. Liquidated damages; and

c. Attorneys' fees and costs.

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file a written Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

49. The members of the proposed FLSA Collective of primary care analysts are similarly situated in that they share these traits:

a. They regularly worked more than forty (40) hours in a workweek;

b. They were misclassified as exempt from the overtime requirements of the FLSA; and

c. They were subject to Defendant's common policy of paying a salary with no overtime premiums to Primary Care Analysts.

50. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds five (5) persons.

## C. Both Collectives

51. Defendant can readily identify the members of the Section 16(b) Collectives. The names and physical addresses, email addresses and phone

numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of the FLSA claim.

52.    At all relevant times, Defendant directly hired members of the Collective Action Classes to work in its offices, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

53.    At all relevant times, each member of the Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

54.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

57.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59.    During Plaintiff's hourly employment as a Claims Specialist, Defendant classified her as non-exempt from the overtime requirements of the FLSA.

60.    Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff a proper overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

61.    During Plaintiff's salaried employment as a Primary Care Analyst, Defendant intentionally misclassified her as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

62.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

63.    Defendant's failure to pay Plaintiff all overtime wages owed was willful.

64.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

65.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

66.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

67.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

68.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

69.     During Plaintiff's hourly employment as a Claims Specialist, Defendant classified her as non-exempt from the overtime requirements of the AMWA.

70.     Despite Plaintiff's entitlement to overtime payments under the AMWA, Defendant failed to pay Plaintiff a proper overtime rate of one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

71.     During Plaintiff's salaried employment as a Primary Care Analyst, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

72.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

73.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII.    THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA for Hourly Employees)

74.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

75.     Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all hours she and they worked in excess of forty (40) each week.

76.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

77.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

78.    Defendant classified Plaintiff and all similarly situated hourly Claims Specialists as nonexempt from the overtime requirements of the FLSA.

79.    Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

80.    This court should certify the following collective:

**All hourly employees who received a bonus during the past
three years which who worked more than forty hours
in any week for which any such bonus was in part derived.**

81.    Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

82.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.    FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA for Primary Care Analysts)

83.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

84.     Plaintiff brings this collective action on behalf of all Primary Care Analysts employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all hours she and they worked in excess of forty (40) each week.

85.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

86.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

87.     Defendant classified Plaintiff and all similarly situated Primary Care Analysts as nonexempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

88.     Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

89.     This court should certify the following collective:

**All Primary Care Analysts during the past three years.**

90.     Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

91.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shana Hayes, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.      That Defendant USAble Corporation be summoned to appear and answer this Complaint;

B.      That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.      For a declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D.      For certification of and notice to the proposed collective members;

E.      For judgment for damages suffered by Plaintiff and the collective members for all unpaid overtime compensation under the FLSA and the AMWA;

F.      For judgment for liquidated damages as provided for under the FLSA and the AMWA;

G.      For an order entering judgment in Plaintiff's favor against Defendant for compensatory damages for Defendant's violations of Title VII;

H.    For an order entering judgment in Plaintiff's favor against

Defendant for compensatory damages for Defendant's violations of the ACRA;

I.    For attorneys' fees, costs, and pre-judgment interest; and

J.    For such other relief as this Court deems just and proper.

Respectfully submitted,

**SHANA HAYES, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHANA HAYES, Individually and on**                              **PLAINTIFF**
**Behalf of Others Similarly Situated**

vs.                                          No. 4:19-cv-*845-JM*

**USABLE CORPORATION**                                           **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I have been an hourly-paid Claims Specialist for USAble Corporation in the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**SHANA HAYES**

November 26, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHANA HAYES, Individually and on**                                    **PLAINTIFF**
**Behalf of Others Similarly Situated**

vs.                                    No. 4:19-cv-*845-JM*

**USABLE CORPORATION**                                    **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I have been a Primary Care Analyst for USAble Corporation in the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**SHANA HAYES**

November 26, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**